UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY DAVIS                                                                                            PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:23-CV-200-DPJ-FKB

EMCF HEAD WARDEN, ET AL.                                                            DEFENDANTS

ORDER

Pro se Plaintiff Jimmy Davis, an inmate of the East Mississippi Correctional Facility (EMCF) in Meridian, Mississippi, brings this suit under 42 U.S.C. § 1983.  He sues the Warden of EMCF; Burl Cain, Commissioner of the Mississippi Department of Corrections; and Management Training Corporation Security.  Davis is an experienced pro se litigator, having filed at least 50 civil actions in the federal courts of Mississippi while incarcerated.  The Court now considers whether to dismiss this matter sua sponte because Davis has again provided false information in a Complaint.

When he filed this suit, Davis used a Prisoner Complaint form.  Compl. [2] at 1–11.  On pages 8 and 9, in the portion titled "Previous Lawsuits," the form asks the filer about his litigation history, including any "strikes" received.  *Id.* at 8–9.  The Prison Litigation Reform Act (PLRA) provides that a prisoner's privilege to proceed in forma pauperis (IFP) should be denied if he has, on three or more prior occasions during detention, had an action or appeal dismissed as frivolous or malicious or for failure to state a claim.  28 U.S.C. § 1915(g).  Section 1915(g) is commonly referred to "as the three-strikes rule."  *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)).

The form states:  "To the best of your knowledge, have you had a case dismissed based on this 'three strikes rule.'"  Compl. [2] at 8.  Davis responded "No."  *Id.*  The form then asks:

"Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment." *Id.* at 9.  Davis again responded "No." *Id.*

Both responses are false.  To begin, Davis has accumulated at least two strikes.  The court dismissed *Davis v. Mississippi State Penitentiary* and assessed a strike because Davis failed to state a claim.  No. 4:04-CV-172-P-A (N.D. Miss. Sept. 13, 2004).  The same thing happened in *Davis v. Central Mississippi Correctional Facility Offenders Service Department* because the complaint was deemed malicious.  No. 3:22-CV-716-TSL-MTP (S.D. Miss. Feb. 17, 2023).  And, as noted, Davis has filed at least 50 lawsuits.

Davis has also been warned that providing false information to the Court will bring sanctions.  First, Judge W. Allen Pepper dismissed *Davis v. Latham* because Davis forged the signature of the inmate accounts clerk on the IFP application.  No. 4:06-cv-86-P-A (N.D. Miss. Aug. 1, 2006) (Order [10] at 1).  Judge Pepper warned Davis that "[a]ny future falsified documents the plaintiff submits to this court will be met with a sanction even more severe than the mere dismissal of a case." *Id.* at 1–2.  Next, Judge Keith Starrett dismissed *Davis v. Wilks* because Davis falsely denied having filed any other suits—the same thing Davis did here.  No. 2:19-CV-67-KS-MTP (S.D. Miss. Oct. 9, 2019).  Judge Starrett sanctioned Davis by dismissing his case with prejudice and warned Davis that similar conduct would result in increased sanctions.  *Id.* (Order [13] at 2–3).

Davis has done the same thing again; dismissal with prejudice is therefore appropriate. *See Sondley v. Lubbock County*, 91 F. App'x 334–35 (5th Cir. 2004) (affirming district court's dismissal of prisoner's § 1983 complaint as sanction for "failing to list in his complaint a prior lawsuit making similar claims" and dismissing appeal as frivolous).  And because the earlier sanctions and warnings were ineffective, Davis must pay a $50 monetary sanction.  If he again

commits this same sanctionable offense, he will again face dismissal, an increased monetary fine, and further restrictions on his ability to file actions in this Court.

For the reasons stated, Davis's Complaint [2] is dismissed with prejudice. Davis shall pay to the Clerk of Court $50. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2023.

                                                s/ *Daniel P. Jordan III*
                                                CHIEF UNITED STATES DISTRICT JUDGE